GILL (SAWYER v.). See Case No. 12,399.

---

## Case No. 5,431.

### GILL et al. v. STEBBINS et al.

[2 Paine, 417.] [1]

Circuit Court, S. D. New York. June Term, 1828.

JURISDICTION DEPENDING ON SITUATION OF PARTIES TO THE RECORD — CONTRACTS—NECESSARY AVERMENTS IN DECLARATION — DEMURRER TO WHOLE DECLARATION WHICH IS ONLY PARTLY BAD.

1. Jurisdiction of the court is neither given nor ousted by the relative situation of the parties concerned in interest, but by the relative situation of the parties named on the record; and in all cases where jurisdiction depends on the party, it is the party named in the record.

2. Where a declaration on a special agreement, which was, that one G., who had been arrested in the city of New York, upon certain promissory notes made by a firm in the state of Alabama, in which he was a partner, to L. & B. of Boston, in consideration that plaintiffs would discharge him from that arrest, undertook and promised that he would forthwith proceed to Boston and call on L. & B., and offer such payment and satisfaction to them as he could accomplish, and in case his offer was not satisfactory to them, that he would surrender his person to any suit which L. & B. might institute against him within three weeks from the date of the agreement, and acknowledge service in the same, and the defendants, for the same consideration, bound themselves to the plaintiffs that the said G. should well and truly accomplish the conditions of said agreement, and in case of neglect on the part of the said G., within thirty days to perform, to enter bail for the said G.'s personal appearance at the suit of L. & B.; it was *held* on demurrer, that before G. could be charged with having violated his agreement by not surrendering himself, it must be averred that L. & B. had instituted a suit against him, and that if the declaration had contained an averment to that effect, plaintiffs would not be entitled to recover the amount of the notes without a further allegation as to their damnification.

3. In covenant, when several breaches are assigned, some of which are sufficient and others not, the defendant should only demur to such as are bad; and if he demur to the whole declaration, judgment must be given against him.

Demurrer to declaration. The declaration alleged that the plaintiffs [Theophilus A. Gill

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Elijah Paine, Jr., Esq.]

and others] were holders of two promissory notes, which had been made by a certain firm under the name Sturtevant, Trent and Gurney, at Blakesley, &c., amount $1,375.49, and which were payable to certain persons doing business under the name and firm of Ladd & Barnes, at Boston, in the commonwealth of Massachusetts (no averment of their citizenship), and that the said notes were received from Ladd & Barnes for collection from the makers thereof, for and on account of John Osgood, a citizen of Massachusetts, who was then and there the owner of the said notes, &c. The declaration then alleged that Gurney, one of the firm of the makers of the notes, was arrested in New York, and in consideration that they would not prosecute, the said Gurney promised he would go to Boston and make payment or satisfaction of notes to Ladd & Barnes to their satisfaction, or surrender his person to any suit they might choose to institute against him in three weeks from date of agreement, and thereby acknowledge service of process in the same; and the defendants [Russel Stebbins, Joseph Sheffield, and Thomas Strong, survivors of James W. Peters], for the same consideration, bound themselves to the plaintiff. and guaranteed that the said Gurney should well and truly accomplish the said agreement so as aforesaid made; and in case of neglect so to do, the defendants bound themselves to enter bail for the said Gurney's personal appearance at the suit of the said Ladd & Barnes, in Boston aforesaid; and the plaintiffs averred that, confiding in such promise, they ceased to prosecute the suit against Gurney. Yet the said Gurney did not forthwith, nor within thirty days from the date of the agreement, proceed to Boston and call on Ladd & Barnes, or either of them, and offer such payment or satisfaction of the notes as he could accomplish; nor did he, within the thirty days, call on the said Ladd & Barnes, or either of them, nor surrender or offer to surrender his person to any suit to be commenced by them; nor have the said defendants, although the said thirty days have long since elapsed, entered bail for the said Gurney's personal appearance at the suit of the said Ladd & Barnes, in Boston aforesaid, or offered so to do; but have wholly neglected and refused.

THOMPSON, Circuit Justice. One of the questions raised upon the argument of the demurrer in this case related to the jurisdiction of this court. The plaintiffs, in the declaration, aver themselves to be citizens of New York; but, in setting out the cause of action, show that they are mere nominal parties. The real party in interest is John Osgood, a citizen of Massachusetts, and the defendants are alleged to be citizens of Alabama. If the jurisdiction of the court depended upon the real parties in interest, the objection would be fatal, as neither party is a citizen of the state where the suit is brought, and the objection appearing from the plaintiffs' own showing, advantage may be taken of it upon demurrer; and this objection, in principle, appears to be sustained by the case of Brown v. Strode, 5 Cranch [9 U. S.] 303, where it is decided that the circuit court of Virginia had jurisdiction in a case between citizens of that state, the plaintiffs being only nominal parties for the use of an alien. The doctrine of this case is, however, overruled in that of Osborn v. U S. Bank, 9 Wheat. [22 U. S.] 856. The court say that jurisdiction is neither given nor ousted by the relative situation of the parties concerned in interest, but by the relative situation of the parties named on the record; and add, that it may be laid down as a rule that admits of no exception, that in all cases where jurisdiction depends on the party, it is the party named in the record. This rule is again recognized and adopted in the case of Governor of Georgia v. Madraro, 1 Pet. [26 U. S.] 122. It is a little remarkable that no notice appears to have been taken, either by the court or the counsel, of the case of Brown v. Strode [supra], where a contrary rule is certainly adopted. The objection therefore, on the ground of want of jurisdiction, cannot be sustained, and the decision must turn upon the sufficiency of the averments in the declaration. The action is founded on a special agreement, which, as stated in the declaration, is substantially that one Gurney, having been arrested in the city of New York upon certain promissory notes, made by a firm in the state of Alabama in which he was a partner, to Ladd & Barnes, of Boston; and in consideration that the plaintiffs would discharge him from that arrest, he, Gurney, undertook and promised that he would forthwith proceed to Boston, and call on Ladd & Barnes, and offer such payment and satisfaction to them as he could accomplish; and in case his offers were not satisfactory to them, he promised to surrender his person to any suit which Ladd & Barnes might choose to institute against him within three weeks from the date of the agreement, and he thereby agreed to acknowledge service on the same; and that the defendants, for the same consideration, bound themselves to the plaintiffs that the said Gurney should well and truly accomplish the conditions of the said agreement and promises, and in case of neglect on the part of the said Gurney, within thirty days after the date of the agreement, to accomplish the same, the defendants bound themselves to enter bail for the said Gurney's personal appearance at the suit of the said Ladd & Barnes, in Boston aforesaid; and the plaintiffs aver that they discharged Gurney from the arrest. but that he did not, within thirty days, proceed to Boston and offer such satisfaction as he could accomplish; nor did the said Gurney, within thirty days, call on the said Ladd & Barnes, nor surrender or

offer to surrender. his person to any suit to be commenced by them; nor have the defendants entered bail for the personal appearance of the said Gurney at the suit of Ladd & Barnes, in Boston aforesaid, or offered so to do.

The principal exception taken to the declaration is the want of an averment that a suit was commenced against Gurney by Ladd & Barnes. It is often, in cases of this kind, attended with some difficulty in deciding whether the promises are dependent or independent, and how far it is necessary for a plaintiff to aver performance on his part, to entitle him to sustain an action for non-performance against the other party—as between the plaintiffs and Gurney, the first act was clearly to be performed by Gurney; he promised to proceed to Boston and offer to Ladd & Barnes such payment and satisfaction as he could accomplish—and the averment is direct that he did not do this. He, in the next place, undertook, that in case his offer was not satisfactory, to surrender himself to any suit which Ladd & Barnes might choose to institute against him. But there is no averment that any suit was instituted against him. It is said this averment was unnecessary, as the demurrer admits he did not go to Boston, and that, of course, no suit could be commenced against him. The answer, however, does not appear satisfactory for several reasons: In the first place, it is not alleged as a separate and independent engagement by Gurney that he would go to Boston, but was connected with the further stipulation that he would offer such payment and satisfaction as he could accomplish. The demurrer does not, therefore, admit that Gurney was not at Boston, or that he was not within the reach of process in Massachusetts; nor is there any allegation that he was not within the reach of process. There is, therefore, no averment of any act by Gurney, nor is there any admission by the demurrer of any fact which can be considered as dispensing with the institution of a suit. But, in the second place, a suit might have been instituted without Gurney's being in Boston, or within the state of Massachusetts. The process could not have been served upon him; but he might have authorized his appearance to be entered to such suit, if instituted. His engagement was to surrender himself to any suit which Ladd & Barnes might choose to commence. Whether they would choose to commence any suit or not, was a matter depending entirely upon themselves; and Gurney could be under no obligation to surrender himself; nor could he do it until a suit was commenced. He could not be bound to urge Ladd & Barnes to institute a suit; nor could he enter an appearance to any suit without their consent. The declaration alleges no court in which the suit was to be instituted. As to this part of the agreement, therefore, the first act was to be done by Ladd & Barnes, viz.,

to institute a suit, and this should be averred to have been done before Gurney can be charged with having violated his agreement, by not surrendering himself. Gurney is not a party to this suit; and the promise on the part of the defendants is alleged to have been, that in case of neglect on the part of Gurney to accomplish the agreement on his part, within thirty days from the date thereof, then the defendants bound themselves to enter bail for Gurney's personal appearance at the suit of Ladd & Barnes in Boston. The undertaking of the defendants, therefore, more emphatically presupposes a suit to be instituted; and the same difficulties and embarrassments present themselves in the way of their performing the agreement on their part, before a suit should be commenced against Gurney. As to the defendants, therefore, it was clearly necessary for the plaintiffs to aver that a suit was instituted against Gurney before they can be charged with not having entered bail for him. The declaration does, however, contain a general allegation that the defendants bound themselves that Gurney should well and truly accomplish the conditions of the said agreement on his part; one of which was, that he should proceed to Boston and offer such payment and satisfaction to Ladd & Barnes as he could accomplish, which the plaintiff avers was not done, and this is admitted by the demurrer. In this respect, therefore, the defendants have not fulfilled their promise, and the declaration as to that alleges a sufficient breach; and the demurrer being to the whole count, if there is one good breach alleged, the plaintiff is entitled to judgment. This is the rule in covenant when several breaches are assigned, some of which are sufficient and others not. The defendant should only demur to such as are bad. If he demurs to the whole declaration, judgment must be given against him; and we see no good reason why the same rule should not apply in the present case.[2] 1 Chit. Pl. 643; 11 East,

---

[2] If no trick has been resorted to for the purpose of delay, the demurrer cannot be disregarded. Anon., 4 Hill, 56. A plaintiff is not at liberty to treat a demurrer to a declaration as a nullity, and enter the defendant's default for not pleading; and the court, on a motion to set aside such default, will not pass upon the question of the validity of the demurrer. Coster v. Waring, 19 Wend. 97; Anon., 4 Hill, 56. Where the defects in a declaration are of such a character as that a verdict will not cure them, the defendant, on demurrer to a special plea, may attack the declaration notwithstanding that the general issue was pleaded with the special plea. Miller v. Maxwell, 16 Wend. 9. A plaintiff is not bound to take judgment by nil dicit where a defective plea is interposed, but may demur. Underwood v. Campbell, 13 Wend. 78. It seems where, to a declaration on a bond for the performance of covenants, a plea of non est factum only is put in, without a notice of special matter attached, that the defendant may both demur and plead; but that he cannot do both where such notice is attached to the plea, as the plea and notice conjoined will be considered as equivalent to a special plea to the whole declaration.

567; Vermont v. Society, etc. [Case No. 16,919]; 6 Dane, Abr. 203, and cases cited. The plaintiffs must, accordingly, have judgment; but we do not at present see how they can recover more than nominal damages. And, indeed, if the declaration contained an averment that a suit was commenced by Ladd & Barnes against Gurney, it is not perceived how that would entitle the plaintiffs to recover the amount of the notes set out in the declaration, without some further allegations as to their damnification. If the plaintiffs, however, choose to amend their declaration, they have leave so to do.

[See Case No. 5,432.]

---

People v. Ten Eyck, Id. 448. Formerly, in assumpsit, a defendant might traverse not only the contract itself, but the consideration and the plaintiff's performance of a condition precedent; but now the practice is obsolete; and where the defence consists of matter of fact amounting to a denial of the allegation which the plaintiff must prove in support of his declaration, the general issue must be pleaded, or it will be good cause of special demurrer that the plea amounts to the general issue. Wheeler v. Curtis, 11 Wend. 653. Where a defendant pleads the general issue, and also a special plea, to which the plaintiff replies, and a demurrer is interposed to the replication, although the plaintiff may object to the plea, if bad in substance, the defendant cannot overleap the general issue and object to the declaration; he cannot plead and demur to the same count. Id. Where a defendant has pleaded the general issue, he cannot, upon a demurrer to the replication, or subsequent pleadings, attack the declaration. Russell v. Rogers, 15 Wend. 352; Dearborn v. Kent, 14 Wend. 183. Though a demurrer be interposed to the defendant's plea, and it may be defective, he will still prevail, if the count to which the plea relates is bad in substance. U. S. v. White, 2 Hill, 59. Otherwise, where the plea is to several counts, one of which is good in substance, though all the rest be bad. Id. In England, if a plea begins as an answer only to part of the declaration and is in truth only an answer to part, the plaintiff cannot demur, but must take judgment for the part unanswered as by nil dicit. Here, however, it is otherwise; and to such plea a general demurrer will be sustained. Etheridge v. Osborn, 12 Wend. 399. In indebitatus assumpsit it is not a cause of demurrer that the declaration states the indebtedness of the defendant, and his promise to pay in a sum greater than what, from the cause of action set forth in the declaration, he is entitled to recover. Waite v. Barry, Id. 377. Where a demurrer to a declaration is overruled by a justice, and the defendant subsequently pleads the general issue, and after verdict against him appeals to the common pleas, that court is authorized to pass upon the validity of the demurrer, and, if well taken, to give judgment for the defendant. Wickware v. Bryan, 11 Wend. 545. In debt against several on a judgment of the supreme court of Ohio, two of them, viz., P. and T., pleaded that it was void for want of jurisdiction, having been rendered in a suit of which neither they nor their co-defendants had notice, and that none of them appeared therein, &c.; replication, that P. and T. employed an attorney to appear in the suit, and did, by said attorney, so appear as well for themselves as for the other defendants, &c. On demurrer to the replication, it was sustained, and the matter contained in it held sufficient to estop P. and T. from alleging either their own non-appearance,

---

or that of the other defendants. Reed v. Pratt, 2 Hill, 64. Where a demurrer is interposed to a surrejoinder the plaintiff may go back and avail himself of a defect in the plea. Mercein v. Smith, Id. 210. Where there are two counts in a declaration on the same instrument, and there is no plea to the second count, but the plea to the first count contains an averment that the instrument set forth in that count is the same identical instrument set forth in the second count, it cannot be objected upon general demurrer that there is a defence to only one of the causes of action set forth in the declaration. Case v. Boughton, 11 Wend. 108. Though after a demurrer to a declaration is adjudged frivolous, the court reluctantly gives leave to a defendant to plead anew; yet where in such a case, an affidavit was made that the demurrer was put in in good faith, that the defendant had a defence on the merits, and that unless he was permitted to plead to the count demurred to, the whole cause of action would stand confessed upon the record, leave will be given to plead anew. Patten v. Harris, 10 Wend. 623. It seems that a demurrer put in, not with a view of disposing of the case on the merits, but solely in the hope of its proving successful, cannot properly be said to have been put in bona fide. Id. A demurrer is not an issuable plea within the meaning of the 21st general rule of this court. Marsh v. Barney, Id. 539. Nonjoinder of a private corporation as defendant cannot be taken advantage of by demurrer, unless the declaration show the corporation to be still in existence. Indiana v. Woram, 6 Hill, 33. If a plaintiff assigns a good breach of a condition of a bond, and then proceeds and specifies the items of damage sustained by him, the defendant cannot demur to such specifications; the question whether the plaintiff is entitled to recover the items specified will be determined on the trial. Williams v. Maden, 9 Wend. 240. In an action of covenant, a plaintiff is bound to aver enough to show, with all reasonable certainty, that he has been damaged. Thus, where G. agreed to sell a farm to A., containing 161 acres, and A. agreed to pay G. twenty-six dollars per acre for all the land except the road running through the same, and covenanted to purchase in the premises if they were sold under certain mortgages which were liens upon the land, and to advance sufficient to pay such mortgages; on the land being sold under the mortgages, and an action brought on the agreement, for the recovery of damages, it was holden on demurrer, that the declaration was defective for the want of an averment as to the quantity of land contained in the road, so as to enable the court to say that the plaintiff had sustained damage by the neglect or refusal of the defendant to purchase in the farm at the mortgage sale. Gould v. Allen, 1 Wend. 182.

